THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARCO ALVAREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BOARD OF TRUSTEES OF NORTHERN | ) | Case No. |
| ILLINOIS UNIVERSITY, OFFICER GREG | ) | |
| LUMZY, in his individual and official capacity, | ) | |
| AND UNKNOWN NORTHERN ILLINOIS | ) | |
| UNIVERSITY POLICE OFFICERS, in their | ) | |
| individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff MARCO ALVAREZ (hereinafter "Alvarez"), by and through

his attorneys, BEASLEY | TOWNSEND LLC, complaining of Defendants, BOARD OF

TRUSTEES OF NORTHERN ILLINOIS UNIVERSITY (hereinafter the "NIU"), OFFICER

GREG LUMZY (hereinafter "Officer Lumzy) and CURRENTLY UNKNOWN NORTHERN

ILLINOIS UNIVERSITY POLICE OFFICERS ("Unknown NIU Police Officers") (collectively

"Defendants"). In support thereof, Alvarez states as follows:

## INTRODUCTION

1.     This action arises out of acts by the Defendants on and around February 21, 2025,

at or near Stadium Dr. East and Lincoln Dr. North, in DeKalb, Illinois, at approximately 9:00 p.m.

when Officer Lumzy and Unknown NIU Police Officers violated Alvarez's rights and privileges

guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and under

state common law actions for excessive force, false arrest, failure to intervene, assault, and

intentional infliction of emotional distress, in connection with the warrantless vehicular felony

1

stop and arrest, and the factual misidentification of Alvarez having a warrant by United States Immigration and Customs Enforcement ("ICE").

## JURISDICTION AND VENUE

2.     This action arises under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments, and under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988.

3.     This action also arises under the Constitution of the State of Illinois, and under the laws of the State of Illinois.

4.     The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343.

5.     Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

6.     This Court has jurisdiction over this action pursuant to Title 28 of the United States Code §§ 1331 and 1367, as Plaintiffs assert claims under federal law and the state law claims arise out of the same facts as the federal claims.

7.     Venue is proper in the United States District Court for the Northern District of Illinois under Title 28 of the United States Code, § 1391(b)(1).

## PARTIES

8.     At all times relevant herein, Alvarez was a resident of County of Cook, and State of Illinois.

9.     Defendant NIU is a taxpayer-funded school and a government entity operating within the State of Illinois. NIU is responsible for the actions of its employees while acting within the scope of their employment.

2

10. Defendant, Officer Lumzy, is sued in his individual capacity and his official capacity, and at all relevant times was employed by Defendant, NIU, while acting within the scope of his employment at the time of the incident.

11. Defendant Unknown NIU Police Officers are sued in their individual capacities and their official capacities, and were at all times relevant, sworn police officers employed by Defendant, NIU, and were acting within the scope of their agency, service and/or employment with Defendants NIU, and were acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois.

## FACTS COMMON TO ALL COUNTS OF THE COMPLAINT

12. On February 21, 2025, Plaintiff Alvarez was pulled over, upon information and belief by Officer Lumzy and Unknown NIU Police Officers. At the time, Alvarez had not violated any law, statute or ordinance of any jurisdiction, was not in the process of violating such, and was not about to violate such.

13. Upon information and belief Officer Lumzy and Unknown NIU Police Officers, then and there requested Alvarez's license, insurance, and registration.

14. Then and there, Officer Lumzy and/or Unknown NIU Police Officers ran Alvarez's Information, and was asked to step out of the vehicle because there was a warrant issued for Alvarez's immediate arrest by ICE.

15. Officer Lumzy and Unknown NIU Police Officers placed Alvarez under arrest, and placed handcuffs on his left and right wrists.

16. At that point, the handcuffs were fastened too tightly a fit on and around Alvarez's wrist(s). When the handcuffs were placed on, Alvarez immediately informed the officers that the handcuffs were too tight. No officers made an adjustment to the handcuffs.

3

17. Alvarez was then placed in the back of the police vehicle, where he let out a sound of "ouch" and signaled that the handcuffs were too tightly applied.

18. After approximately 10-15 minutes in the back of the police vehicle, Alvarez was released from police detainment and the handcuffs were taken off. Alvarez was informed that the "warrant by ICE was not signed by a Judge."

19. Officer Lumzy and Unknown NIU Police Officers, never loosened the handcuffs, in an effort to alleviate pain to Alvarez's wrists. Even after Alvarez requested that the handcuffs be loosened and that he was in pain, the Defendants ignored the condition.

20. Prior to Alvarez leaving the scene, upon information and belief Officer Lumzy and Unknown NIU Police Officers requested for an ambulance to come to the scene, where the ambulance checked on Alvarez's injuries.

**COUNT I - § 1983 – FOURTH AMENDMENT – FALSE ARREST**
Alvarez v. Officer Lumzy and Unknown NIU Police Officers

21. Powell incorporates the allegations set forth in paragraphs 1 through 20 above, as if fully set forth herein.

22. At all times relevant herein, Alvarez enjoyed all rights and privileges of a citizen of the United States, including the right to be free from unreasonable searches and seizures, including freedom from detention and/or arrest without probable cause, pursuant to the rights and guarantees set forth in the Fourth Amendment to the United States Constitution.

23. On February 21, 2024, as described hereinabove, Defendants, Officer Lumzy and Unknown NIU Police Officers, as described, individually and in concert with each other, placed Alvarez in custody and under arrest without probable cause that he had committed, was committing or was about to commit a violation of any law of any jurisdiction, as otherwise described and set

forth hereinabove, and otherwise arrested Alvarez, in the absence of any legal authority or justification by way of fact, law or judicial authority.

24.     On February 21, 2025, Defendants, Officer Lumzy and Unknown NIU Police Officers individually and in concert with each other, accomplished an unlawful result through individual and/or concerted action, in that they agreed, through explicit or implicit means, to unlawfully detain and arrest Alvarez, despite any lawful justification in fact, law or by judicial authority to do so.

25.     In furtherance of said agreement, Defendants, Officer Lumzy and Unknown NIU Police Officers or other individuals acting at the direction of and/or with the actual knowledge of the Defendants, physically and psychologically harmed Alvarez, and handcuffed him.

26.     Defendants, Officer Lumzy and Unknown NIU Police Officers' acts individually and/or in concert with each other, or those of other individuals acting at the direction and/or with the actual knowledge of the Defendants, as described hereinabove violated the rights of Alvarez, to be free from unreasonable seizures as provided in the Fourth Amendment to the United States Constitution, and has caused him to suffer, and will in the future continue to suffer, severe damages including personal injuries, loss of reputation, mental anguish and emotional distress.

WHEREFORE, Plaintiff, Marco Alvarez, demands judgment against Defendants Officer Greg Lumzy, Unknown NIU Police Officers, jointly and severally, in a fair and reasonable amount, including compensatory and punitive damages, attorneys' fees, and costs of this suit and prejudgment interest pursuant to Federal Rile of Civil Procedure 54, 42 U.S.C. § 1988, and for any additional relief this Court deems just and proper.

5

## COUNT II – §1983 – FOURTH AMENDMENT – EXCESSIVE FORCE
### Alvarez v. Officer Lumzy and Unknown NIU Police Officers

27. Alvarez incorporates the allegations set forth in paragraphs 1 through 20, above, as if fully set forth herein.

28. At all times relevant herein, Alvarez enjoyed all rights and privileges of a citizen of the United States, including the right to be free from unreasonable searches and seizures, including freedom from the use of excessive and unreasonable force, pursuant to the rights and guarantees set forth in the Fourth Amendment to the United States Constitution.

29. On February 21, 2025, Defendants, Officer Lumzy and Unknown NIU Police Officers, acting individually and/or in concert with each other as described hereinabove, used force which was not objectively reasonable under the circumstances, as otherwise described and set forth hereinabove, and otherwise wholly unjustified under law, in that no objective reasonable suspicion existed that Alvarez was a suspect in any forceable felony, and otherwise no objective reasonable suspicion or probable cause existed that Alvarez had committed, was committing, or was about to commit any violation of any law, statute or ordinance of any jurisdiction to justify the use or threat of deadly force, much less any force, whether for felony or otherwise under Illinois law.

30. On or about February 21, 202, Defendants, Officer Lumzy and Unknown NIU Police Officers, acting individually and/or in concert with each other, accomplished an unlawful result through individual and/or concerted action, in that they agreed, through explicit or implicit means, to use and/or threaten the use of unlawful excessive and unreasonable force despite the absence of any objective lawful justification in fact, law or by judicial authority to do so.

31. In furtherance of said agreement Defendants, Officer Lumzy and Unknown NIU Officers, acting individually and/or in concert with each other as described hereinabove, used excessive force including when they tightened handcuffs on Alvarez.

6

32. Defendant, Officer Lumzy and Unknown NIU Police Officers' acts individually and/or in concert with each other, as described hereinabove, violated the rights of Alvarez, to be free from unreasonable search and seizures and to be free from use of excessive force, as provided in the Fourth Amendment of the United States Constitution, and has caused him to suffer, and will in the future continue to suffer, severe damages including personal injuries, loss of reputation, mental anguish, and emotional distress.

WHEREFORE, Plaintiff, Marco Alvarez, demands judgment against Defendants Officer Greg Lumzy, and Unknown NIU Police Officers, jointly and severally, in a fair and reasonable amount, including compensatory and punitive damages, attorneys' fees, and costs of this suit and prejudgment interest pursuant to Federal Rile of Civil Procedure 54, 42 U.S.C. § 1988, and for any additional relief this Court deems just and proper.

**COUNT III – §1983 – FAILURE TO INTERVENE – FOURTH AMENDMENT**
Alvarez v. Officer Lumzy and Unknown NIU Police Officers

33. Powell incorporates the allegations set forth in paragraphs 1 through 20, above, as if fully set forth herein.

34. At all times relevant herein, Alvarez enjoyed and possessed a right under the Fourth Amendment to the United States Constitution, to be free from unreasonable searches and seizures, and to be free from arbitrary and/or deliberately indifferent intrusions of his bodily health and integrity, including use of excessive force against him.

35. When Defendant, Officer Lumzy and Unknown NIU Police Officers arrived upon the scene, Defendants placed handcuffs on Alvarez, all while ignoring Alvarez's statements that the handcuffs were o tight.

7

36.     Each of the Defendants, actually knew, and a reasonable officer under similar circumstances would have known that Alvarez did not have a warrant out for his arrest by ICE, as he is an American citizen.

37.     During the events described above that occurred, Defendants stood by and failed to intervene to prevent the unconstitutional detention and/or arrest and excessive force to which Alvarez was being subjected at the hands of Defendants Officer Lumzy and Unknown NIU Police Officers. At all relevant times hereto, Defendants, Officer Lumzy and Unknown NIU Police Officers were acting under color of law and within the scope of their employment.

38.     As a proximate result of the failure of Defendants, Officer Lumzy and Unknown NIU Police Officers, to intervene on behalf of Alvarez to prevent the use of excessive force against him, despite the clear need and reasonable opportunity to do so, Alvarez has suffered, and continues to suffer, severe personal and pecuniary injuries and damages.

WHEREFORE, Plaintiff, Marco Alvarez, demands judgment against Defendants Officer Lumzy and Unknown NIU Police Officers, jointly and severally, in a fair and reasonable amount, including compensatory and punitive damages, attorneys' fees, and costs of this suit and prejudgment interest pursuant to Federal Rile of Civil Procedure 54, 42 U.S.C. § 1988, and for any additional relief this Court deems just and proper.

## COUNT IV – ILLINOIS COMMON LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Alvarez v. Officer Lumzy and Unknown NIU Police Officers

39.     Alvarez incorporates the allegations set forth in paragraphs 1 through 20, above, as if fully set forth herein.

40. At all times relevant herein, Alvarez enjoyed rights under Illinois common law to be free from severe emotional distress as the proximate result of the extreme and outrageous intentional conduct of others.

41. On or about February, 21 2025, Defendants, Officer Lumzy and Unknown NIU Police Officers, accomplished an unlawful result through individual and/or concerted action, in that they agreed among themselves, through explicit or implicit means, to engage in extreme and outrageous conduct in the execution or enforcement of law, being a traffic stop, such agreement being to individually and/or collectively use or threaten the use of unlawful, excessive and unreasonable force.

42. In furtherance of said agreement, Defendants, Officer Lumzy and Unknown NIU Police Officers, individually and/or in concerted action detained Alvarez by surrounding his vehicle, and pulled Alvarez out of the vehicle, while shouting various commands, and thereafter arrested Alvarez, on the scene, in front of bystanders.

43. All of the above conduct, individually and/or in totality of some or all was without any objective, reasonable and lawful justification or authority in fact or law and constitutes extreme and outrageous conduct intended to cause severe emotional distress, or which the Defendants Officer Lumzy and Unknown NIU Police Officers, individually and/or in concert knew created a high probability would cause extreme emotional distress.

44. Defendants Officer Lumzy and Unknown NIU Police Officers' acts individually and/or in concert with others as yet unidentified co-conspirators as described above has caused Alvarez, to suffer, and will in the future continue to suffer, severe damages including severe mental anguish and severe emotional distress.

45.     At all times relevant hereto, Defendants, Officer Lumzy and Unknown NIU Police Officers, were each acting within the scope of their employment with and otherwise as duly authorized agents and/or employees of Defendant NIU.

WHEREFORE, Plaintiff, Marco Alvarez, demands judgment against Defendants, Officer Lumzy, Unknown NIU Police Officers, jointly and severally, in a fair and reasonable amount, including compensatory and punitive damages, attorneys' fees, and costs of this suit pursuant to Federal Rile of Civil Procedure 54, prejudgment interest pursuant to 735 ILCS 5/2-1303(c), and for any additional relief this Court deems just and proper.

### COUNT VI – ILLINOIS COMMON LAW FALSE IMPRISONEMENT
Alvarez v. Officer Lumzy and Unknown NIU Police Officers

46.     Alvarez incorporates the allegations set forth in paragraphs 1 through 20, above, as if fully set forth herein.

47.     At all times relevant herein, Alvarez, enjoyed rights under Illinois common law to be free from any unreasonable restraint of his liberty and/or freedom of movement.

48.     On or about February 21, 2025, Defendants, Officer Lumzy and Unknown NIU Police Officers accomplished an unlawful result through individual and/or concerted action, in that they agreed among themselves and/or with other as yet unidentified co-conspirators, through explicit or implicit means, to engage in unlawful conduct in the execution or enforcement of law, to unlawfully restrain and arrest Alvarez, despite the absence of any objective lawful justification in fact, law or by judicial authority to do so, during the execution or enforcement of law.

49.     In furtherance of said agreement, Defendants, Officer Lumzy and Unknown NIU Police Officers, individually and/or through concerted conduct, with the intent to restrain Alvarez, detained Alvarez's vehicle by surrounding it, while shouting various commands, and thereafter pulled Alvarez out of his vehicle and handcuffed and arrested Alvarez, without any explanation or verbalization of the reason for their actions.

50.     Defendants, Officer Lumzy and Unknown NIU Police Officers' acts individually and/or in concert with each other as described hereinabove violated the rights of Alvarez, to be free from unreasonable restraint of his liberty and/or freedom of movement, and excessive force, and has caused him to suffer, and will in the future continue to suffer, severe damages including personal injuries, loss of reputation, mental anguish and emotional distress.

51.     At all times relevant hereto, Defendants Officer Lumzy and Unknown NIU Police Officers were acting within the scope of their employment with and otherwise as duly authorized agents and/or employees of the Defendant NIU.

WHEREFORE, Plaintiff, Marco Alvarez, demands judgment against Defendants, Officer Greg Lumzy and Unknown NIU Police Officers, jointly and severally, in a fair and reasonable amount, including compensatory and punitive damages, attorneys' fees, and costs of this suit pursuant to Federal Rile of Civil Procedure 54, prejudgment interest pursuant to 735 ILCS 5/2-1303(c), and for any additional relief this Court deems just and proper.

## COUNT VII – RESPONDEAT SUPERIOR
### Alvarez v NIU

52.     Alvarez incorporates the allegations set forth in paragraphs 1 through 20, above, as if fully set forth herein.

53.     In committing the acts alleged in the preceding paragraphs, Defendants, Officer Lumzy and Unknown NIU Police Officers, were agents of NIU, and at all times were acting within the scope of their employment.

54.     Defendant, NIU is liable for all torts and civil rights violations committed by its agents.

11

WHEREFORE, Plaintiff, Marco Alvarez, demands judgment against Defendant BOARD OF TRUSTEES OF NORTHERN ILLINOIS UNIVERSITY, as Indemnor, for compensatory damages awarded against or agreed to be paid by the Defendants, Officer Greg Lumzy and Unknown NIU Police Officers, as such amounts may be adjudged or determined and that any law enforcement, court or other official record created or generated as a result of the unconstitutional acts alleged herein, and any other relief the Court deems just and proper.

**COUNT VIII – INDEMNITY**
Alvarez v. NIU

55.     Alvarez incorporates the allegations set forth in paragraphs 1 through 20, above, as if fully set forth herein.

56.     At all relevant times, Defendants, Officer Lumzy and Unknown NIU Police Officers, were acting on behalf of and/or within the scope of their employment with Defendant, NIU.

57.     As a result of Defendants, Officer Lumzy and Unknown NIU Police Officers' conduct, Alvarez is seeking monetary damages, attorneys' fees, costs, and interest.

58.     Illinois law directs local public entities to pay any tort judgment or settlement for which it or an employee while acting within the scope of his or her employment is liable, including where applicable, statutory attorneys' fees and costs. 745 ILCS 10/9-101.

WHEREFORE, Plaintiff, Marco Alvarez, demands judgment against Defendant BOARD OF TRUSTEES OF NORTHERN ILLINOIS UNIVERSITY, as Indemnor, for compensatory damages awarded against or agreed to be paid by the Defendants, Officer Greg Lumzy and Unknown NIU Police Officers, as such amounts may be adjudged or determined and that any law enforcement, court or other official record created or generated as a result of the unconstitutional acts alleged herein, and any other relief the Court deems just and proper.

12

## JURY DEMAND

The Plaintiffs hereby request a trial on all claims by a jury, pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

DATED: February 23, 2026          Respectfully submitted,

By: /s/ Calvin A. Townsend II
       Attorney for Plaintiff

Calvin A. Townsend II
State of IL Bar No: 6307196
**BEASLEY | TOWNSEND LLC**
1921 Ridge Rd. #667
Homewood, IL 60430
(872) 294-0309
Email: calvin.townsend@beasleytownsend.com

13